# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

FABIAN VILLAGOMEZ,

   Plaintiff,

  v.

EXPERIAN, TRANS UNION, LLC, and
EQUIFAX,

   Defendants.

Case No. 3:18-cv-00033-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

  Pro se plaintiff Fabian Villagomez has filed a motion for appointment of counsel. (ECF No. 21.) Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649.

  In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's

1

literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

Here, although Villagomez is proceeding in forma pauperis and has attached a sworn affidavit stating that he has attempted to obtain counsel on his own multiple times, the Court is satisfied that Villagomez is competent to litigate this case on his own at the moment. The legal claims are not complex, and Villagomez's filings up to this point indicate that he has the capacity as a layperson to present his claims to the Court in a more than sufficient manner. Accordingly, the Court **DENIES** Villagomez's motion to recruit counsel. (ECF No. 21.)

**IT IS SO ORDERED.**

**DATED:  SEPTEMBER 14, 2018**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
