UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FABIAN VILLAGOMEZ,

  Plaintiff,

  v.

EXPERIAN, TRANS UNION, LLC, and
EQUIFAX,

  Defendants.

Case No. 3:18-cv-00033-JPG-MAB

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

  This matter comes before the Court on defendant Trans Union, LLC's motion for judgment on the pleadings. (ECF No. 25.) The plaintiff did not respond to Trans Union's motion. In short, Trans Union asks the Court to grant judgment in their favor because the plaintiff has not—and cannot—allege a violation of the Fair Credit Reporting Act. For the following reasons, the Court **GRANTS** Trans Union's motion and **DISMISSES** them from this case **WITH PREJUDICE**.

**I. BACKGROUND**

  Plaintiff Fabian Villagomez is an inmate at Vandalia Correctional Center. (Compl. ¶ 3, ECF No. 2.) He alleges that he sent two letters directly to defendants Trans Union, Equifax, and Experian—dated in October and November 2017—in which he requested a free copy of his credit report pursuant to the Fair Credit Reporting Act. (*Id.* at ¶¶ 9–15.) The plaintiff argues that since the defendants refused to send him a free copy in response, he is entitled to money damages—allegedly because of a violation of both the United States Constitution and the Fair Credit Reporting Act. (*Id.* at p. 4.) This case is but one in a bundle of cases that Illinois state prisoners have recently filed, all with curious similarities between them.

**II. LEGAL STANDARDS**

A.  **Judgments on the Pleadings**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim: the pleadings must plausibly suggest that the plaintiff has a right to relief above a speculative level. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer, and any written instruments attached to those pleadings; accepts all well-pleaded allegations in the complaint as true; and draws all inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

B.  **The Fair Credit Reporting Act**

The Fair Credit Reporting Act commands that once per year, if a consumer requests a free copy of their credit report, all consumer reporting agencies—such as TransUnion—must provide the free copy to the consumer. 15 U.S.C. § 1681j(a)(1)(A). The consumer must, however, request the copy from the "central source established for such purpose". 15 U.S.C. § 1681j(a)(1)(B). The upshot of the statute's design is that consumers can obtain their free credit reports from *all* of the agencies by making only a single request through the central source, rather than having to contact each agency individually. 12 C.F.R. § 1022.136(a). If a consumer reporting agency fails to comply with the Fair Credit Reporting Act, the statute allows plaintiffs to recover damages from the agency on theories of both willful noncompliance and negligent noncompliance. 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a)(1)(2).

III. **ANALYSIS**

First of all, because Villagomez did not respond to Trans Union's motion, that alone kills his case and warrants dismissal. S.D.IL. Local Rule 7.1(c). But regardless, Trans Union has not violated the Fair Credit Reporting Act. This is because the plaintiff did not request his credit report from the central source, as § 1681j(a)(1)(B) requires. Rather, the plaintiff sent his requests directly to Trans Union. (Compl. pp. 2, 9, ECF No. 2-1.) Accordingly, Trans Union's refusal to disclose the plaintiff's credit report was the proper application of the statute and the complaint fails to plead any violation of the Fair Credit Reporting Act—whether the plaintiff's theory is one of willful noncompliance, negligent compliance, or otherwise. Moreover, it would be futile for the Court to allow the plaintiff to amend his complaint because he has already demonstrated through his attached exhibits that he is not entitled to relief.

This case mirrors a case in the Northern District of Illinois, where the Court summed up the issue by stating: "while [the consumer credit agency] might have made greater effort to accommodate Plaintiff's special circumstances [as a prisoner], the facts do not reflect a violation of any provision of the Fair Credit Reporting Act." *Garland v. Equifax, et al.*, No. 3:15-cv-50305, ECF No. 104 at 3 (N.D. Ill. Oct. 27, 2017). If prisoners wish to obtain free copies of their credit reports pursuant to the Fair Credit Reporting Act, they are—at this time, at least—bound by the terms of the statute.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Trans Union's motion for judgment on the pleadings (ECF No. 25) and **DISMISSES** Trans Union from this case **WITH PREJUDICE**. And because the claims against the other two defendants in this case—Experian and Equifax—mirror the ones against Trans Union, the Court **ORDERS** the plaintiff to **SHOW CAUSE** by February 15, 2019 why the Court should not dismiss those defendants as well. Finally, because Trans Union

has now exited this case, the Court **FINDS AS MOOT** its pending motion to stay (ECF No. 26) and motion for an extension of time to depose the plaintiff (ECF No. 28).

**IT IS SO ORDERED.**

**DATED: JANUARY 25, 2019**

> **s/ *J. Phil Gilbert*** 
> **J. PHIL GILBERT** 
> **U.S. DISTRICT JUDGE**